UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-129** |
| **MERLIN SMOTHERS, JR.** | **SECTION "L"** |

## ORDER & REASONS

Before the Court is a motion seeking early termination of supervised release filed by Defendant Merlin Smothers. R. Doc. 43. The Government opposes the motion. R. Doc. 45. The Court rules as follows.

### I. BACKGROUND

On December 11, 2013, Merlin Smothers pleaded guilty, pursuant to a plea agreement, to one count of possession with the intent to distribute a quantity or mixture of a substance containing at least 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, and one count of knowingly and intentionally distributing a quantity of a mixture of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). R. Doc. 27.

In March 2014, this Court sentenced Mr. Smothers to 30 months of imprisonment for Count 1 and a term of 30 months as to Count 2 to be served concurrently. R. Doc. 36 at 2. The Court further sentenced Mr. Smothers to three years of supervised release following that term of imprisonment. *Id.* at 3.

Mr. Smothers began serving his three-year term of supervised release after he was released from state custody in January of 2021. R. Doc. 43. Mr. Smothers alleges that he has successfully fulfilled each requirement of probation. *Id.* There is no indication in the record or provided by the Government that Mr. Smothers has violated the terms of his supervised release.

## II.  DISCUSSION

In the instant motion, Defendant argues that that, since being placed on supervised release, he has maintained the requirements of probation by submitting his monthly reports, and that he has shown rehabilitation. R. Doc. 43 at 2. He notes that with Court permission he has relocated to Georgia, where he has married and gained employment. *Id.* at 1. He argues that "[t]he current restriction hinders the Petitioner from traveling for work and earning money to better support his family." *Id.* at 2. Based on these facts, he asks the Court to terminate his term of supervised release. *Id.* When Mr. Smothers filed his motion, he had completed 16 months of his 36-month term of supervised release; he has now completed 24 months of supervised release.

In opposition, the Government maintains that the Court should not grant Mr. Smothers early termination because his stated plans to travel for work are "vague" and because the Government cannot "verify Smothers' statements or opine on their outcome." R. Doc. 45 at 2. The Government argues that simply complying with the terms of his supervised release does not entitle Mr. Smothers to early termination, and that because "it appears that Smothers is merely complying with the rules of supervision and nothing more" he is not entitled to a termination of supervised release. *Id.*

## III.    LAW

A district court may terminate supervised release at any time after one year of supervised release if, after considering factors listed in 18 U.S.C. § 3553(a), "it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). That statute "directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence. These are largely the same considerations the court must assess when imposing the original sentence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). District courts enjoy

broad discretion in determining whether to terminate supervised release, but "[c]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." *United States v. Smith*, Criminal No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). See also *United States v. Hayes*, Criminal Action No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination because defendant "is merely abiding by the terms of his supervised release, which is the expectation for all defendants");

However, this Court and others have granted early termination of supervised release for defendants who have complied with the conditions of their release when those defendants have "changed circumstances," *United States v. Jones*, 2013 WL 2417927 (S.D. Tex. June 4, 2013), and based on the characteristics of the particular offense or of the amount of supervised release a defendant has completed. *See, e.g., United States v. Hamlin*, Nos. LA CR 10-684-VBF, 10-689-VBF, 2014 WL 11737321, at *4-6 (C.D. Cal. Sept. 18, 2014) (granting defendant's motion for early termination of supervised release because defendant had complied with the terms of his supervised release, citing Judicial Conference probation guidelines in favor of early termination for nonviolent offenders); *United States v. Edwards*, Criminal Action No. 98-165-RET, 2013 WL 486138 (M.D. La. Feb. 6 2013) (granting Defendant's motion for early termination of supervised release because defendant had complied with the conditions of his supervised release, having completed half of his term).

In this instance, Mr. Smothers has now completed two thirds of his supervised release, and during this time he has complied with all terms of his release without any infractions. He has moved to Georgia, where he has married and gained employment. In his petition, Mr. Smothers alleges that the current terms of his supervised release hinder his ability to travel for work and thus support his family. The Court finds that Mr. Smothers's move to Georgia for employment and need to travel for

3

work are "changed circumstances" and that Mr. Smothers is similarly situated to the Defendants in *Hamlin* and *Edwards*: he is a nonviolent offender who has complied with the terms of his release, and he has served two thirds of his supervised release term. Further, the Government bases its opposition to Mr. Smothers's petition on the premise that his plans to travel to improve his income are "vague," R. Doc. 45 at 2, rather than on 18 U.S.C. § 3553(a) factors articulated in *Jeanes* regarding the nature of this offense, history of the offender, deterrence, or public safety. But there is no requirement in 18 U.S.C. § 3583(e)(1) or in the caselaw that defendants provide a more detailed explanation of their changed circumstances than Mr. Smothers has provided here.

### IV.   CONCLUSION

For the foregoing reasons,

The Court hereby terminates Merlin Smothers's supervised release and discharges him from further supervision by the Court, pursuant to 18 U.S.C. § 3583(e)(1). **IT IS ORDERED** that Defendant's amended motion for early termination of his term of supervised release, R. Doc. 43, be **GRANTED** and that R. Doc. 40 be **DENIED AS MOOT**.

New Orleans, Louisiana on this 23rd day of February, 2023.

_____
**THE HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**